In re Merle A. GEHRKE, Patsy M. Gehrke dba Stage Gulch Ranch, Debtors.

Bankruptcy No. 385–00490 (11) H.

United States Bankruptcy Court, D. Oregon.

Dec. 23, 1985.

Charles R. Markley, of Greene & Markley, P.C., Portland, Or., for Umatilla Elec.

Robert J. Vanden Bos, Portland, Or., for debtors.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon Umatilla Electric Co-op Association's (hereinafter referred to as "Umatilla Electric") motion to compel assumption or rejection of an alleged executory contract.

Umatilla Electric and the debtor, Merle A. Gehrke, entered into several agreements for the furnishing by Umatilla Electric to Gehrke of electric power. It is these agreements which Umatilla Electric asks the debtor to assume or reject under 11 U.S.C. § 365.

The debtor argues that, whether the contracts are executory or not, § 366 determines the treatment accorded utility-creditors in bankruptcy and that § 365 is not applicable.

It is apparent from the title and language of § 366 that it applies only to "utilities".

§ 366. Utility service.

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or

that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due. (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

Pursuant to § 366(b), a debtor need not cure prepetition defaults in order to continue to receive utility service. In contrast, § 365 requires cure (or adequate assurance of prompt cure) of defaults as a condition to assumption. § 365(b)(1). Since § 366 does not require cure of prepetition defaults but § 365 does, both sections cannot be applicable at the same time.

■ The legislative history accompanying § 366 indicates that the section was designed to protect debtors from the cessation of utility service due to "the non payment of a bill that would be discharged in a bankruptcy case." Notes of Committee on the Judiciary, Senate Report No. 95–989. Section 366 therefore is an exception to § 365 and the former therefore governs agreements for the furnishing of utilities.

When utility services are provided there is always a contract. The contract may be express or one implied by law. The fact that there is an express contract in writing does not remove the contract from the application of § 366.

The legislative history of § 366 also provides:

This section is intended to cover utilities that have some special position with respect to the debtor such as an electric company, gas supplier, or telephone company, that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility. Notes of Committee on the Judiciary, Senate Report No. 95–989.

In this case, the debtor introduced, as Exhibit "A", a copy of an order of the Public Utility Commissioner (hereinafter referred to as "P.U.C."). That order, dated March 30, 1962, provides at page 8 that:

Applicant is exclusively serving the territory designated as Exclusive Area 1 and Exclusive Area 2 in the Application. It will be more economical and feasible for Applicant to serve the area designated as "Unserved Area 1", "Unserved Area 2" and "Unserved Area 3," which are unserved areas adjacent to Applicant's served areas by an extension of its facilities than by extension of the facilities of another person.

Mr. Dorran, General Manager of Umatilla Electric, testified at a hearing on the motion that the P.U.C. order of March 30, 1962 prohibits other suppliers from providing utility service in Umatilla Electric's exclusive service area. He further testified that the debtor's property is located in the center of the exclusive service area. Finally, Mr. Dorran testified that the debtor would need a special P.U.C. ruling to obtain power from any other supplier and that such supplier would probably assess the debtor for the cost of running lines to the property.

■ Based on these facts, the court concludes that Umatilla Electric has, at least, a practical monopoly on electricity service in the subject area such that the debtor cannot easily obtain comparable service from another electricity supplier. Accordingly, Umatilla Electric is a "utility" under § 366, and § 365 is inapplicable.

Therefore, the motion to compel assumption or rejection under § 365 will be denied. An order consistent herewith shall be entered. This opinion constitutes the court's findings of fact and conclusions of law and, in accordance with Bankruptcy Rule 7052, they will not be separately stated.